ROBERTSON LUMBER COMPANY v. CAMERON ANDERSON and Another.[1]

February 15, 1907.

Nos. 14,983—(169).

**Limitation of Actions—Partial Payment.**

*Held,* following Robertson Lumber Co. v. Anderson, 96 Minn. 527, that the trial court did not err in its instructions to the jury.

Action in the district court for Polk county to recover $301.81 for goods sold. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendant Cameron Anderson, defendant Kenneth C. Hunter having defaulted. From an order denying a motion to set aside the verdict and for a new trial, plaintiff appealed. Affirmed.

[1]Reported in 110 N. W. 623.

*J. H. Bosard* and *A. A. Miller,* for appellant
*H. A. Bronson* and *D. T. Collins* for respondent.

PER CURIAM.

Action to recover from the defendants, as copartners, a balance of $301.81 for lumber sold to them by the plaintiff. The defendant Anderson answered, and pleaded the statute of limitations, but his codefendant made default. The sole issue on the trial was whether a payment of $1 on the plaintiff's account, made by the defendant Hunter, was received by it with notice that the copartnership theretofore existing between the defendants had been dissolved. The jury returned a verdict for the defendant Anderson, thereby necessarily finding, under the charge of the court, that the plaintiff did have such notice. The plaintiff appealed from an order denying its motion for a new trial.

Its first and second assignments of error relate to the rulings of the trial court in the admission of certain evidence. The only argument or suggestion urged in support of the assignments is that it is apparent that the evidence was immaterial. We are of the opinion that the evidence was not immaterial; but, were it otherwise, it was not prejudicial.

The other assignments of error urged in the brief of counsel relate to the trial court's instructions to the jury. If the evidence was sufficient to justify the jury in finding that the plaintiff had notice, actual or constructive, at the time the $1 payment was made to it, that the copartnership had been dissolved, the charge of the trial court, considered as a whole, was correct. This is the second appeal in this action, and the law applicable thereto was settled by the decision on the first appeal. 96 Minn. 527, 105 N. W. 972. The evidence on the second trial was not materially different from that on the first trial, which resulted in a verdict for the plaintiff; but an order denying the defendant Anderson's motion for a new trial was reversed by this court, and a new trial granted. We hold that the evidence on the second trial was sufficient to justify the court in giving the several instructions to the jury of which the plaintiff complains.

We find no reversible error in the record. Order affirmed.